UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Luis Polo, being duly sworn, do hereby depose and state the following:

1. I am a Border Patrol Agent with the United States Border Patrol and have been so employed since March 27, 2006. As a Border Patrol Agent, I have gained experience in conducting investigations related to the illegal entry of aliens into United States. I attended the Federal Law Enforcement Training Center at Artesia, New Mexico, where I received training for the purpose of accomplishing my Border Patrol duties, which includes training in immigration related law and matters. Furthermore, I also receive training on a continuing basis for the purpose of maintaining my proficiency pertaining to Border Patrol work.

2. My investigation reveals that, on or about Sunday, December 22, 2024, **Manuel ENCARNACION** illegally re-entered the United States by boat, at or near "Punta Ostiones Beach", Cabo Rojo, Puerto Rico. Therefore, this Affidavit is made in support of a Criminal Complaint against **ENCARNACION** based on violation of Title 8, *United States Code*, Section 1326(a), re-entering the United States illegally after being removed from the United States.

3. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

## **PROBABLE CAUSE**

4. On or about Sunday, December 22, 2024, at approximately 05:15 p.m., United States Border Patrol (USBP) Ramey Sector Dispatch received a phone call from Puerto Rico Police Department (PRPD) Marine Unit (FURA) Cabo Rojo informing about a Maritime Smuggling Event (MSE) that landed in Punta Ostiones Beach, Cabo Rojo, Puerto Rico.

5. USBP & FURA responded to the area for support, finding yawl-type, blue in color vessel, with two outboard engines was found in the area of "Punta Ostiones Beach", Cabo Rojo, Puerto Rico.

6. USBP & FURA agents were able to locate & apprehend seven (07) subjects.

7. USBP agents identified themselves as immigration officers & interviewed all subjects as to their citizenship & legal status in the United States.

8. All subjects, including **ENCARNACION**, freely admitted being citizens and nationals from the Dominican Republic illegally present in the United States.

9. All subjects, including **ENCARNACION**, were arrested and transported to Ramey Station in Aguadilla, Puerto Rico for further investigation, processing & removal proceedings.

10. While **ENCARNACION** was being processed for Expedited Removal, his fingerprints and photograph were also entered into different law enforcement database systems.

11. **ENCARNACION** came back with prior immigration & criminal history.

12. As to **ENCARNACION's** immigration & criminal history:

    a) On January 01, 2023, **ENCARNACION** was encountered after illegally crossing from Mexico to the United States at or near the El Paso Del Norte (PDN) Bridge, in El Paso, Texas.

b) At the time, **ENCARNACION** was processed for an Expedited Removal with Credible Fear claim.

c) **ENCARNACION** was released to a family member named "Juan De La Cruz" with address in Scranton, PA.

d) On September 16, 2024, **ENCARNACION** was encountered by Immigration & Customs Enforcement (ICE) agents, pursuant to the Criminal Alien Program (CAP) while incarcerated at Lackawanna County Correctional Institution in Scranton, PA.

e) **ENCARNACION** was arrested & charged by the Scranton Police Department for Simple Assault (Domestic); Harassment involving physical contact Strike / kick. Per the police complaint **ENCARNACION** forcefully pulled the female victim from her car and struck her approximately ten (10) times in the head with her purse.

f) On August 07, 2023, an Immigration Judge Order of Removal was issued against **ENCARNACION**.

g) On November 19, 2024, **ENCARNACION** was officially and physically deported / removed from the United States to the Dominican Republic from the Port of Miami, Florida.

13. At the Ramey Station, **ENCARNACION** freely admitted to being a citizen and national of the Dominican Republic and that he was without valid immigration documents to enter, re-enter, to be in, or remain in the United States legally.

14. Border Patrol agents advised **ENCARNACION** of his right to legal representation & his right to speak with the Consul of his native country, Dominican Republic.

15. **ENCARNACION** illegally re-entered the United States at a place other than a designated port of entry.

16. **ENCARNACION** does not have any immigration documents allowing him to enter and / or to remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States. Furthermore, **ENCARNACION** was not inspected, admitted or paroled into the United States by an Officer of the Bureau of Customs and Border Protection.

17. **ENCARNACION** does not have any petitions pending with the Bureau of Citizenship & Immigration Services.

18. Based upon my training, experience, and participation in other investigations, and based on the facts revealed in this investigation, I believe that sufficient probable cause exists to demonstrate the commission of violations of federal law by the above-mentioned subject, to wit, a violation of Title 8, *United States Code*, Section 1326(a), re-entering the United States illegally after having been deported or removed from the United States.

_____
Luis Polo
Border Patrol Agent, United States Border Patrol

Sworn before me pursuant to FRCP 4.1 at __4:26 PM__ by telephone, this __27th__ day of December 2024.

_____
Honorable Héctor Ramos Vega
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO